[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14784

Non-Argument Calendar

_____

ALICIA CUMMINGS,

Plaintiff-Appellant,

*versus*

LAYNE MITCHELL,
LEWIS GOLDEN,
AU MEDICAL CENTER, INC.,
and its predecessors and successors,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:18-cv-00161-JRH-BKE

———————————

Before WILSON, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Alicia Cummings appeals the district court's dismissal of her second amended complaint (SAC) on the basis that it was a shotgun pleading. After careful review, we affirm.

I.

Starting in 2007, Cummings, an African American female, worked as a radiographer for Augusta University Medical Center, Inc. (AUMC). Relevant to this appeal, Lewis Golden and Layne Mitchell, Caucasian males, served in supervisory roles over Cummings. Throughout her employment with AUMC, Cummings applied for a variety of promotions to full-time positions but was not selected.[1] Ultimately, in September 2017, Cummings voluntarily resigned from AUMC.

_____

[1] Because the district court dismissed Cummings's SAC as an impermissible shotgun pleading, the underlying facts of Cummings's job applications and non-selection are not relevant to this appeal and thus not discussed.

In September 2018, Cummings sued AUMC, Golden, and Mitchell (collectively, Defendants) for race discrimination, retaliation, hostile work environment, and constructive discharge in violation of Title VII and 42 U.S.C. § 1981. After Defendants moved to dismiss, Cummings filed a first amended complaint (FAC) alleging race discrimination, retaliation, hostile work environment, and constructive discharge.

Defendants jointly moved to dismiss Cummings's FAC for failure to state a claim as to the hostile work environment and constructive discharge claims. They also sought a more definite statement and for Cummings to amend her complaint because it was still an impermissible shotgun pleading.

The district court found that Cummings's FAC was an impermissible shotgun pleading. Specifically, the district court explained that Cummings's FAC committed the four "sin[s]" identified in *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015). Specifically, the FAC (1) incorporated all preceding counts; (2) contained numerous facts not obviously connected with any particular cause of action (and provided an example to illustrate this point); (3) combined four claims against Defendants under one count; and (4) possibly failed to connect specific acts and facts to each defendant. The district court granted in part Defendants' motion for a more definitive statement and gave

Cummings fourteen days to file an amended complaint.[2]  The district court noted that Cummings's next complaint would be dismissed if it contained the same errors.

In April 2020, Cummings filed her SAC.  First, Cummings alleged a Title VII claim against AUMC based on race discrimination and retaliation.  Second, Cummings alleged claims of hostile work environment and constructive discharge against AUMC under Title VII and 42 U.S.C. §§ 1981, 1983.  Last, Cummings alleged that Golden and Mitchell conspired with AUMC for constructive discharge under Title VII and 42 U.S.C. §§ 1981, 1983.  Again, Defendants jointly moved to dismiss Cummings's SAC "for failure to conform to Federal Rules of Civil Procedure 8 and 10 consistent with the [district court's prior] Order" and for failure to state a claim as to the hostile work environment and constructive discharge claims.

The district court granted Defendants' motion to dismiss. Specifically, the district court stated that Cummings failed to comply with the court's prior order, which analyzed Cummings's FAC and explained why it was a shotgun pleading.  The district court found that Cummings's SAC continued to commit the four sins of shotgun pleading.  In the SAC, Counts II, III, and IV all referenced or explicitly incorporated all "prior and subsequent counts."  The SAC included extraneous material that was immaterial, vague, and

---

[2] The district court denied as moot Defendants' motion to dismiss because it gave Cummings another chance to amend her complaint.

conclusory and combined four claims under one count making it difficult to decipher which facts apply to which alleged violation. The SAC also "does not specify which Defendant is responsible for which acts." The district court stated that because it was dismissing Cummings's SAC as a shotgun pleading, it was unnecessary to analyze Defendants' argument that Cummings failed to state a claim.

Thus, the district court dismissed with prejudice the SAC and closed the case. Cummings timely appealed.

## II.

Cummings argues that the district court erred for three reasons.[3] First, Cummings argues that we should review the district court's review of her SAC de novo because the district court did not carefully review her substantive claims. Next, Cummings argues that the "no incorporation" rule applied by the district court contradicts the Federal Rules of Civil Procedure and the Rules Enabling Act. Last, Cummings argues that the district court should have allowed her to replead at least one of her claims. We will address each argument in turn.

First, Cummings contends that the district court erred in dismissing her SAC as a shotgun pleading and not conducting a careful

---

[3] Although Cummings structured her arguments differently, we address the standard of review first because it governs how we review the district court's decision.

review of whether the facts support a substantive claim. She asks that we review de novo the district court's decision.

However, we decline to do so. Previously, this court found that district courts have inherent authority to control its docket and, in some circumstances, dismiss pleadings that fail to conform with the Federal Rules of Civil Procedure. *Weiland*, 792 F.3d at 1320. We then discussed that when a district court dismisses for failure to comply with the Federal Rules of Civil Procedure, such as Rule 8(a)(2) and 10(b), we review those dismissals for an abuse of discretion. *Id.*; *see also Betty K Agencies, Ltd. B. M/V/ MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Thus, we review the district court's dismissal of Cummings's SAC on the ground that it is a shotgun pleading for an abuse of discretion.

As for Cummings's argument that the district court should have done a more careful review of her complaint, she relies on the Supreme Court's decision in *Johnson v. City of Shelby*, 574 U.S. 10 (2014) (per curiam). In *Johnson*, the Supreme Court held that Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief" and does not "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim." 574 U.S. at 11. There, the plaintiffs alleged Fourteenth Amendment violations, and the district court dismissed their case because they failed to invoke 42 U.S.C. § 1983, which was the appropriate cause of action in their case. *Id.* at 10. The Supreme Court summarily reversed and held that the plaintiffs' failure to invoke § 1983 did not merit

dismissal, especially because they had "stated simply, concisely, and directly events that, they alleged, entitled them to damages from the city." *Id.* at 11–12.

Cummings's reliance on *Johnson* is misplaced. The district court did not dismiss Cummings's SAC simply because it did not allege a legal theory. In fact, the district court did not dispute that Cummings sued Defendants for employment discrimination and specified in both its orders that those were the causes of actions Cummings was proceeding under. Instead, the district court focused on the deficiencies in Cummings's SAC where she (1) incorporated all preceding and some subsequent counts; (2) included extraneous material that was immaterial, vague, and conclusory; (3) combined four claims under one count making it difficult to decipher which facts apply to which alleged violation; and (4) possibly failed to connect acts to each defendant. Accordingly, the district court did not err in finding Cummings's SAC as a shotgun pleading and not reviewing the substantive claims.

Next, Cummings argues that the district court erred in applying the "no incorporation" rule because the rule is contrary to the Federal Rule of Civil Procedure 10(c) and therefore violates the Rules Enabling Act. Cummings argues that incorporation is an efficient method for pleading that prevents plaintiffs from having to replead numerous facts.

Although this court has not announced a "no incorporation" rule as Cummings suggests, we have "condemned the incorporation of preceding paragraphs where a complaint 'contains several

counts, each one incorporating by reference the allegations of its predecessors . . . , leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions.'" *Weiland*, 792 F.3d at 1324. This limit on incorporation is consistent with the Federal Rules of Civil Procedure and the Rules Enabling Act.

Federal Rule of Civil Procedure 10(c) generally allows for incorporation to reduce the repleading of relevant facts. However, Rule 8(a)(2) requires plaintiffs to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." When plaintiffs indiscriminately incorporate assertions from one count to another, they run afoul of Rule 8(a)(2) by "materially increase[ing] the burden of understanding the factual allegations underlying each count." *Weiland*, 792 F.3d at 1324. There is simply no support for the proposition that the well-established rules prohibiting shotgun pleadings conflict with Rule 10(c).

Neither do the rules governing shotgun pleadings violate the Rules Enabling Act. In relevant part, the Rules Enabling Act provides that rules of practice and procedure "shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). To be sure, "[e]ach of [the Federal Rules of Civil Procedure] ha[s] some practical effect on the parties' rights, but each undeniably regulate[s] only the process for enforcing those rights; none altered the rights themselves, the available remedies, or the rules of decision by which the court adjudicated either." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 407–08 (2010). In

20-14784                Opinion of the Court                9

short, Cummings has not pointed to any substantive right that the district court violated by requiring her to confirm to this court's shotgun pleading requirements.  Thus, the district court's finding that Cummings's SAC was a shotgun pleading[4] that improperly incorporated all the facts from previous counts into each successive count is not contrary to the Federal Rules of Civil Procedure and the Rules Enabling Act.

Last, Cummings argues that the district court should have allowed her to replead at least Count One of the SAC before dismissing her case with prejudice.  When a plaintiff files a shotgun pleading, the district court must give her one chance to replead before dismissing her case with prejudice on shotgun pleading grounds. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295–96 (11th Cir. 2018).  The district court should explain how the pleading violated the shotgun rule so that the plaintiff can remedy her next pleading. *Id.*  Here, Cummings received fair notice of the specific defects in her FAC, and the district court provided her with a meaningful chance to fix it.  Because she failed to correct those defects, the district court did not abuse its discretion by dismissing her

---

[4] Cummings has abandoned her challenge to the district court's dismissal with prejudice of her SAC on the basis that it was a shotgun pleading because she raises that challenge only in her reply brief. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) (noting that "we do not address arguments raised for the first time" in a litigant's reply brief).

SAC with prejudice on shotgun pleading grounds. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358–59 (11th Cir. 2018).

**AFFIRMED.**